**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STIVENSON DESIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-03405 (UNA) |
| | ) | |
| NEW YORK, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of petitioner's *pro se* petition, ECF No. 1, and his application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  The court will grant petitioner's application for leave to proceed IFP and dismiss the case for the reasons explained below.

Petitioner, who is currently in the custody of the New York State Department of Corrections, has filed a form pleading, titled as a petition pursuant to 28 U.S.C. § 2241, but upon review, it does not appear that he actually seeks a writ of habeas corpus.  The petition is far from a model in clarity.  Petitioner sues only "New York," and the allegations that follow are vague, rambling, and incongruent.   The petition briefly touches on an order issued in another civil case of petitioner's that is currently pending in this District, and an order issued by the Clerk of the United States Supreme Court in yet another case, though the context, relevance, or the connection of those other cases to the named respondent, or to this lawsuit in general, is completely unclear.

Petitioner lists five grounds for this cause action, none of which is cognizable.  His first cause of action is listed as: "ad factum praestandum," and he references ineffective assistance of counsel and "newly discovered evidence" in passing, with no other context or explanation.  His second cause of action is listed as: "a penal redress to come to effect on basis of penal liability

requiring full compensation of the injured person as an instrument for punishing the offender," and a "protective order court reporters & recorders (missing property report) documents designating confidential."  His third cause of action is listed as: "requisite exposure may usefully be singled out for early targeted discovery.  And a possible motion in limine or motion for summary judgment with respect to certain religious property," and then a "courts concurrent jurisdiction over concerning acts which would constitute disorderly conduct appropriate to protect the public and courts infractions, vexatious suit, discriminations.  The interest in equity of a property, claim arising in respect of assessment."  His fourth cause of action is listed as: "dissemination key factor due to 'the act of spreading, diffusing or dispersing; esp the circulation of defamaory matter.  The extension of a thing such as an idea, books, or document," and references "corrections & community supervision advertent in nature," and "Richard Mitchell legal representative in seat toward party mentioned accused of sole discretion of materials marked for delivery 'oppression and vexation deposition."  Finally, his fifth cause of action is listed as: "feudal investiture of an fictious; toward misjustice appropriat[e] to protect the public & courts, infractions vexatious suit, discriminations."  As for relief, he demands " 'impairment of functioning person resulting in defective admittance.  (ad factum praestandum). A joint appendix to an extraordinary procedure for capital cases issuance by the courts."

Petitioner also attaches a hand-written supplement, which is equally incomprehensible, and includes a laundry list of intended additional claims, including: "liability," "negligence," "professional malpractice," "business entity," "insurance," "contract," "UCC," "environmental," "asbestos," "certificate of incorporation/dissolution," "emergency medical treatment," "sale of finance of religious/not for profit property," "mechanic's lien," "local court appeal," "ex parte/habeas corpus," "body of officer, election law, confinement review,  mental hygiene,

retroactive law," "arbitration," "real property . . . condemnation," and "tax certiorari."  He fails to supply any facts to support a colorable claim under any of the listed subject areas.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure, *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987), and the petition fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires such a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant petition falls squarely into this category.  Neither the court nor respondent can reasonably be expected to identify petitioner's claims, and petitioner also fails to set forth allegations with respect to this court's subject matter jurisdiction over his entitlement to relief, if any.

For these reasons, the complaint and this matter are dismissed without prejudice.  A

separate order will issue.

AMY BERMAN JACKSON
Date: December 15, 2022                                 United States District Judge